**In the Matter of MIRA–PAK, INC., Debtor.**

**PRAPPAS & EIDMAN, Appellant,**

v.

**W. Steve SMITH, Trustee and Woodard, Hall & Primm, P.C., Appellees.**

**No. 90–2566.**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 3, 1991.

---

G. Ernest Caldwell, Galveston, Tex., for appellant.

W. Steve Smith, Houston, Tex., pro se.

Before POLITZ, DAVIS and BARKSDALE, Circuit Judges.

PER CURIAM:

This bankruptcy case is back before us for a further review of the district court's ruling on fees for the trustee and his attorney. We affirm in part and reverse in part the district court's order.

In the earlier appeal, we vacated a $43,818.49 award in favor of Smith, a successor trustee. We observed that Smith's submission reflected an expenditure of a total of sixty hours. The award, therefore, represented compensation at a rate exceeding $730 per hour. We concluded that the award was excessive.

On remand, the trustee sought to justify the award by pointing out that $9,660 had been disallowed from the fee sought by his attorney on grounds that this $9,660 worth of services were properly billable by the trustee rather than the trustee's attorney. Mr. Smith, the trustee, argued that the average rate of compensation sought by his attorney was $65 per hour, therefore, the $9,660 charge represented 148 hours of billable trustee time. The district court accepted this argument and found that the trustee now could show at least 208 hours of time expended on this case and therefore his hourly rate was reduced to $210 an hour. The court approved the trustee's $43,818.49 bill. This is too facile for us even in a bankruptcy case. We will accept the district court's assessment of $210 per hour as a reasonable rate for the trustee's time. For the sixty hours the trustee submitted as work performed by him (at the $210 hourly rate), he is entitled to $12,600. We will also allow the trustee to add $9,660 to his bill representing the amount the trustee's attorneys requested for performing trustee work.

The trustee also argues that he spent an additional thirty hours litigating his fee request and estimated another twenty hours to close out the estate. The time expended in litigating the fees was largely unsuccessful. The twenty hours spent to close out the file apparently relates indirectly to the fee litigation. We conclude that an award of fees at the above rate is inappropriate for these items which met with little or no success. We conclude that an award of $110 per hour for those fifty hours is ample.

In sum, Smith is entitled to $27,760 in fees plus any out-of-pocket disbursements. This is subject to credit for any sums previously paid to him.

With respect to Woodard, Hall & Primm's award of $22,181.50 in attorney's

fees, our review of the affidavits supporting that fee application reflect that at least half the time expended related to the unsuccessful litigation of Smith's fees. Under the circumstances presented in this case, we conclude that the fees claimed and awarded should be reduced by fifty percent.

The order of the district court is accordingly vacated and the case is remanded with instructions to enter judgment consistent with this opinion.

AFFIRMED IN PART and REVERSED IN PART.